UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA CHARLES ACOSTA, CDCR # BI-1477,<br><br>                                 Plaintiff,<br>vs.<br><br>Y. SERVIN, Psychologist, Calipatria State Prison; DOE 1, Psychologist, Wasco State Prison; DOE 2, Chief Medical Officer, Wasco State Prison; DOE 3, Chief Health Officer, Calipatria State Prison,<br><br>                                Defendants. | Case No. 20cv2225-MMA-MSB<br><br>**ORDER DISMISSING CIVIL ACTION PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND § 1915A(b)(1) AND FOR FAILING TO PROSECUTE IN COMPLIANCE WITH COURT ORDER REQUIRING AMENDMENT** |

     Plaintiff Joshua Charles Acosta, while incarcerated at Calipatria State Prison ("CAL") in Imperial, California, and proceeding *pro se*, filed this civil rights action pursuant to 42 U.S.C. § 1983 ("Compl.") in the Central District of California on October 28, 2020. *See* "Compl.," Doc. No. 1 at 1. Plaintiff claimed CAL Psychologist Y. Servin, CAL's Chief Mental Health Officer, and an unidentified psychologist and Chief Medical Officer at Wasco State Prison ("WSP"), violated his rights under the Americans with Disabilities Act, his "protections under the *Armstrong*, *Coleman*, and *Clark* remedial plans," and the Eighth Amendment by "hous[ing] [him] within the mainline population" at both CAL and WSP despite his autism. *Id.* at 3–6.

Plaintiff sought $250,000 in compensatory damages, an injunction requiring Defendants "to identify, assess, and treat people with autism spectrum disorder," and Defendants' "termination of employment." *Id.* at 7.

## I. Procedural History

Plaintiff did not prepay the civil filing fee required by 28 U.S.C. § 1914(a) at the time he filed his Complaint, but instead submitted an Application to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (Doc. No. 2), as well as an ex parte Motion for Assignment of Counsel. *See* Doc. No. 3. On November 13, 2020, however, the Honorable Cormac J. Carney determined venue did not lie in the Central District of California, and transferred the action here in the interest of justice pursuant to 28 U.S.C. § 1406(a). *See* Doc. No. 5.

On February 24, 2021, this Court granted Plaintiff's Motion to Proceed IFP, but denied his Motion for Assignment of Counsel and dismissed his Complaint for failing to state claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). *See* Doc. No. 8. Plaintiff was notified of his pleading deficiencies, and granted 60 days leave in which to file an Amended Complaint that fixed them. *Id.* at 9–18. Plaintiff was also warned his failure to amend would result in the dismissal of his case. *Id.* at 18 (citing *Lira v. Herrera*, 427 F.3d 1164, 1169 (9th Cir. 2005) ("If a plaintiff does not take advantage of the opportunity to fix his complaint, a district court may convert the dismissal of the complaint into a dismissal of the entire action.")).

Plaintiff's Amended Complaint was due on or before April 24, 2021. More than a month has elapsed since that time, but to date, Plaintiff has failed to amend, and has not requested an extension of time in which to do so.[1] "The failure of the plaintiff eventually

---

[1] In fact, the Court's February 24, 2021 Order (Doc. No. 8) was returned undeliverable by the U.S. Post Office on March 16, 2021. *See* Doc. No. 11. Because Plaintiff filed a Notice of Change of Address indicating his transfer to Mule Creek State Prison ("MCSP") in the interim on March 3, 2021, however, *see* Doc. No. 9, the Clerk of the Court mailed a separate copy of the Court's February 24, 2021 Order to Plaintiff at MCSP on March 4, 2021. *See* Doc. No. 9 ("NOTICE of Change of Address by Joshua Charles Acosta (jms) Order 8 mailed to new address (jms). (Entered: 03/04/2021)"). The Court has

1 | to respond to the court's ultimatum–either by amending the complaint or by indicating to
2 | the court that [he] will not do so–is properly met with the sanction of a Rule 41(b)
3 | dismissal." *Edwards v. Marin Park*, 356 F.3d 1058, 1065 (9th Cir. 2004).

## II.  Conclusion and Order

Accordingly, the Court **DISMISSES** this civil action in its entirety based on Plaintiff's failure to state a claim upon which § 1983 relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1), and his failure to prosecute as required by Court's February 24, 2021 Order requiring amendment.

The Court further **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) and **DIRECTS** the Clerk to enter a final judgment of dismissal and close the file.

**IT IS SO ORDERED**.

DATE: June 7, 2021

*[signature]*

HON. MICHAEL M. ANELLO
United States District Judge

---

confirmed that Plaintiff remains incarcerated at MCSP, and notes the March 4, 2021 mailing was *not* returned by the Post Office as undelivered. *See* https://inmatelocator.cdcr.ca.gov/ Details .aspx?ID= BI1477 (last visited June 7, 2021); *see also United States v. Basher*, 629 F.3d 1161, 1165 (9th Cir. 2011) (taking judicial notice of prisoner's address using Bureau of Prisons' inmate locator); *In re Bucknum*, 951 F.2d 204, 207 (9th Cir. 1991) ("Mail that is properly addressed, stamped and deposited into the mails is presumed to be received by the addressee."); *Franco v. Sessions*, 740 F. App'x 869, 872 (9th Cir. 2018) (discussing the delivery of regular and certified mail and the "presum[ption] that postal officers properly discharge their duties.") (citing *Salta v. INS*, 314 F.3d 1076, 1079 (9th Cir. 2002).